■ In the Matter of LAWRENCE E. OATMAN, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for a redetermination of a deficiency for New York personal income tax for the year 1967. Following a hearing at which petitioner testified, respondent found that in 1966 and 1967 petitioner was employed as a seaman in the merchant marine and was assigned to a ship which sailed to and from New York City; that prior to 1967 he was a domiciliary of New York and resided in Jackson Heights, Queens, New York, with his wife and infant child, and continued to keep this residence for his wife and son during 1967, where he supported them; that during 1967 a typical trip on board ship would be for three week's time with a one-night layover between trips; that petitioner claims no domicile in any legal jurisdiction other than New York, nor does it appear that he spent less than 31 days in New York during 1967. On these facts respondent rejected petitioner's contention that he was not a domiciliary of New York State in 1967, and that, therefore, he did not owe income taxes for that year. Respondent's determination is abundantly supported by the record. A person is a resident of the State subject to New York State personal income tax if he is domiciled in the State, unless he maintains no permanent place of abode in this State, maintains a permanent place of abode elsewhere, and spends in the aggregate not more than 30 days of the taxable year in this State. (Tax Law, § 605, subd [a], par [1]; 20 NYCRR 102.2.) It is clear that since petitioner has not even attempted to show that he acquired a new domicile in 1967, no change in domicile from New York could have been effected. *(Rubin v Irving Trust Co.,* 305 NY 288, 306; *Matter of Starer v Gallman,* 50 AD2d 29.) We find no merit in petitioner's contention that the conduct of the hearing by a hearing officer who is an employee of respondent and the making of the ultimate decision by the respondent itself constitute a denial of due process. The hearing procedures were conducted pursuant to the rules and regulations of the State Tax Commission (20 NYCRR 601.6). Similar procedures are uniformly followed throughout the administrative agencies of the State, and it is not claimed that any member of the State Tax Commission or the hearing officer participated in the original determination under review made by the Director of the Income Tax Bureau. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.